UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY FOSTER,

       Plaintiff,                                     No. 18-10226

v.                                                         Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 29, 2019 REPORT AND RECOMMENDATION [19]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying his applications for disability insurance and supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (Dkt. 19.) Plaintiff has filed two objections to the Magistrate Judge's report and recommendation, and the Commissioner has filed a response to those objections. (Dkts. 20, 21.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. As a result, the Court DENIES Plaintiff's motion for summary judgment (Dkt. 15); GRANTS Defendant's

1

motion for summary judgment (Dkt. 18); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## II.     Standard of Review

### A.  *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B.  Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of

choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## III.     Analysis

Plaintiff makes two objections to the Magistrate Judge's report and recommendation. First, Plaintiff argues the Magistrate Judge erred when he found that the ALJ adequately addressed Plaintiff's mental health records when making his residual functional capacity ("RFC") assessment. Second, Plaintiff argues the Magistrate Judge erred when he found that the ALJ's decision was supported by substantial evidence.

### A.  Whether the ALJ Properly Assessed Plaintiff's Mental Health

Plaintiff points to his testimony regarding having auditory hallucinations and crying spells to argue that the ALJ inadequately addressed his psychological limitations. Plaintiff argues the ALJ should have undergone a function-by-function assessment.

The Commissioner first notes that Plaintiff is rehashing an argument he previously raised in his motion for summary judgment.

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has considered

Plaintiff's argument regarding the ALJ's analysis of his mental health.  The Court agrees with the Magistrate Judge.

As the Magistrate Judge noted, although a function-by-function analysis is desirable when crafting the RFC, the regulations do not require ALJs to produce a detailed statement of each function in writing.  See Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 547 (6th Cir. 2002) (unpublished) (citation omitted).  Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record."  Id. at 548 (internal quotations and citation omitted).

The ALJ recognized that Plaintiff had a mood disorder and psychotic disorder, (tr. 24), and properly considered the impact of those disorders on his ability to work, (tr. 29).  As a result, the ALJ limited Plaintiff to simple, routine, repetitive tasks and noted that "[h]e would be off task 10% of the time in addition to normal breaks."  (Tr. 27.)  The ALJ found that the objective medical evidence failed to support the need for any additional limitations.  (Tr. 29.)  In so doing, the ALJ noted, in part, that Plaintiff had received sporadic and inconsistent treatment for his mental impairments, no treating source provided diagnostic evidence supporting Plaintiff's allegations, and Plaintiff had not needed inpatient psychiatric hospitalization during the relevant time period.  (*See id.*)  In addition, the record consistently showed that Plaintiff was generally cooperative, his thought process was goal directed, his judgment was adequate, and his insight was intact.  (*See id.*)  Finally, the ALJ noted that Plaintiff "engage[d] in a relatively full

complement of daily activities." (*Id.*) In sum, the ALJ adequately explained the psychological limitations found in the RFC.

### B. Whether the ALJ's Decision was Supported by Substantial Evidence

Plaintiff argues that the ALJ's decision was not supported by substantial evidence but fails to properly develop this argument. Instead, Plaintiff points to the "above outlined legal errors and/or all of the legal errors outlined in Plaintiff's Motion for Summary Judgment." (*See* dkt. 20, Pg ID. 1225.) To the extent Plaintiff is rehashing his previously made arguments, as noted above, the Court need not address objections made in this form. Nor is the Court obligated to develop arguments for Plaintiff.

The Court notes, however, that the ALJ properly considered the medical evidence in the record as well as Plaintiff's testimony and the opinions of the state agency consultants when assessing the RFC. (*See* tr. 27-31.) The ALJ recognized that Plaintiff has mood disorder, psychotic disorder, lumbar foraminal stenosis, and cervical degenerative disc disease. (Tr. 24.) Ultimately, he concluded, however, that the overall record did not support Plaintiff's allegations regarding the severity of his symptoms due to these impairments and found that Plaintiff retains the ability to perform sedentary work, (tr. 26-27), which is the most restrictive of the physical exertional levels, *see* 20 C.F.R. §§ 404.1567, 416.967. The ALJ also placed the following additional restrictions on Plaintiff's RFC: he would need a sit/stand option every one hour; he could stand for 45 minutes at a time and sit for 1 hour at a time; he could walk six blocks at a time; he should avoid extremes in range of motion of his

neck; he should never climb ladders, ropes, or scaffolds; he could never crawl; he could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and he is limited to simple, routine, repetitive tasks. (Tr. 26-27.) The ALJ also noted Plaintiff "would be off task 10% of the time in addition to normal breaks" and that he has monocular vision, meaning he has vision in only one eye. (Tr. 27.) In sum, the Court agrees with the Magistrate Judge's conclusion that the ALJ's RFC assessment was supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's motion for summary judgment (Dkt. 15); GRANTS Defendant's motion for summary judgment (Dkt. 18); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 27, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager